**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| | ) |
| v. | ) I.D. # 2103017132 |
| | ) |
| BRENNAN VELEZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Submitted: January 3, 2024
Decided: March 1, 2024

## ORDER DENYING BRENNAN VELEZ'S
## THIRD MOTION FOR REDUCTION/MODIFICATION OF SENTENCE

This 1st day of March, 2024, the Court having considered Brennan Velez's ("Velez") Motion for Reduction/Modification Sentence (the "Third Reduction Motion"), for the following reasons, the motion is **DENIED**.

1. On May 25, 2022, Velez pleaded guilty to one count of Assault Second Degree and one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"). As a result of the plea, Velez faced a three-year minimum mandatory sentence. The Court sentenced Velez on June 1, 2022 as follows: (1) as to Assault Second Degree, eight years at Level V, suspended for 18 months of Level III probation; and (2) as to PFDCF, ten years at Level V, suspended after five years for

1

6 months at Level IV at Department of Corrections' ("DOC") discretion, followed by 18 months at Level III. The sentence was effective March 30, 2021.[1]

2.　On November 18, 2022, Velez filed a Motion for Sentence Reduction (the "First Reduction Motion"), seeking to reduce his five-year unsuspended Level V sentence.[2] In support of his First Reduction Motion, Velez argued that he was awarded a high school diploma in 2019, he plans to obtain a commercial drivers license upon his release to support his family's financial needs, and that he had no prior criminal record. He further stated that he completed an anger management program while incarcerated. Finally, he stated that he changed his mindset and will not engage in criminal conduct in the future.[3]

3.　Superior Court Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." The Court will consider a Rule 35(b) motion after the 90-day period "only in extraordinary circumstances" or when the DOC has filed a motion pursuant to 11 *Del. C.* § 4217, which is not applicable here. Rule 35(b) further provides that the Court "***will not*** consider repetitive requests for reduction of

---

[1] The effective date was originally listed as May 25, 2022, but was corrected to reflect an effective date of March 30, 2021 by order dated February 16, 2023. *See* D.I. 21.

[2] D.I. 19.

[3] *Id.*

sentence." (emphasis added). Finally, under Rule 35(b), the Court may consider reducing the term or conditions of partial confinement or probation at any time.

4. By Order dated February 17, 2023, the Court Denied the First Reduction Motion as untimely because it was filed more than 90 days after his sentencing.[4] Additionally, the Court found that Velez failed to establish extraordinary circumstances for his untimely Rule 35(b) motion.[5] Finally, the Court noted that even if the Court could consider the merits, the First Reduction Motion did not state a basis to reduce the sentence. Velez shot his victim in the chest when the victim attempted to purchase marijuana from Velez.[6] The victim survived due to the skill of the medical providers. Velez did not appeal the denial of the First Reduction Motion.

5. In his Second Reduction Motion, Velez requested that his Level IV sentence be modified to Level III, with GPS monitoring and conditions of participation in substance abuse counseling and mental health evaluation and treatment. In support of his motion, Velez asserted that he: is remorseful for his past criminal behavior; had no prior arrests; has successfully completed an anger management program; is working on attaining a G.E.D.[7]; has displayed impeccable

---

[4] D.I. 20, ¶ 4.
[5] *Id.*, ¶ 5.
[6] *Id.*
[7] The record reflects that Velez graduated from high school in 2020. D.I. 17.

behavior while incarcerated; has a stable support system upon his release; and now has a 10 month-old daughter. Velez asserted that he has employment upon his release driving a van for special needs children, which will require him to drive into Pennsylvania. This, he said, would be prohibited by Level IV supervision and, accordingly, he would be prevented from fulfilling his financial obligations to his child.

6. The bar to considering repetitive requests for modification of a sentence is absolute.[8] This procedural bar applies even when the subsequent motion requests a reduction or modification of a term of partial confinement or probation.[9] Because Velez previously filed his First Reduction Motion, the Court did not consider the merits of the Second Reduction Motion and denied it on October 26, 2023.[10]

7. Even if the Court had considered the merits of the Second Reduction Motion, the Court ruled that it would not be granted. Velez's Level IV is subject to the DOC's discretion based on its assessment at the time Velez is ready for release

---

[8] *State v. Burton*, 2020 WL 3057888, at *2 (Del. Super. Ct. June 5, 2020) (The bar to considering repetitive motions has no exceptions). *See also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (TABLE) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (TABLE) (finding that defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").
[9] *Id.*
[10] D.I. 24.

4

from Level V. Velez could be placed on work-release, among other options. Thus, his request was premature. Further, the Court ruled, the DOC is in a better position to determine what conditions would be appropriate. The Court found that Velez's sentences are appropriate. No additional information had been provided to the Court that would warrant a reduction or modification of these sentences.

8.     On January 3, 2024, Velez filed the Third Reduction Motion. He makes the same arguments as he made in the previous motions. He feels that it is unfair for the DOC to have discretion over his Level IV sentence. The motion is denied as repetitive. The Court continues to find that Velez's sentences are appropriate. No additional information had been provided to the Court that would warrant a reduction or modification of these sentences.

March 1, 2024

/s/Kathleen M. Miller
Judge Kathleen M. Miller